

KSR

FILED
8/12/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Judge Thomas M. Durkin
Magistrate Judge Beth W. Jantz
RANDOM/CAT.3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | Violations: Title 18, United |
| | ) | States Code, Sections 152(3), |
| LEWIS A. LACEY, | ) | 157(1), 157(2), 157(3), and |
| also known as | ) | 1623(a) |
| "Lewis Anthony Lacey, Sr." | ) | |

## COUNT ONE

The SPECIAL NOVEMBER 2023 GRAND JURY charges:

1.     At times material to this indictment:

### Relevant Individuals, Entities, and Accounts

a.     Defendant LEWIS A. LACEY, also known as "Lewis Anthony Lacey, Sr.," was employed as a police officer by the Village of Dolton, was married, and resided at a residence on White Oaks Road in Matteson, Illinois (the "White Oaks Residence"), with his spouse, who was also employed.

b.     LACEY had control and signature authority over three bank accounts at Bank of America ("BOA"), including account #5121 ("BOA Account #5121") with his spouse, and three accounts (the "Chase Accounts") at JPMorgan Chase ("Chase"). LACEY and his spouse caused income that they earned from their respective employment to be deposited into BOA Account #5121, and paid their household expenses, including a mortgage loan secured by the White Oaks Residence, with funds from BOA Account #5121.

c.      On or about July 22, 2015, Case No. 2015 L 007440 was filed in the Circuit Court of Cook County, Illinois, against LACEY seeking a judgment in the amount of $88,800 (the "State Case"). On or about February 7, 2017, LACEY entered into a settlement in the State Case in which he agreed to pay the plaintiff approximately $55,000 (the "Settlement Agreement"). On or about June 19, 2019, the plaintiff in the State Case filed a motion to enforce the Settlement Agreement alleging that LACEY was in default for failure to pay $43,000 of the amount due. The Circuit Court set a status for the State Case on August 2, 2019, to address the plaintiff's motion to enforce the Settlement Agreement.

d.      Between in or around 1984 and in or around July 2019, LACEY filed a total of seven bankruptcy cases in the United States Bankruptcy Court for the Northern District of Illinois.

### **Bankruptcy Proceedings**

e.      The Bankruptcy Code, Title 11, United States Code, provided individuals who were unable to pay their debts with an opportunity to obtain a fresh financial start through the discharge of pre-existing debts.

f.      In order to initiate a Chapter 13 bankruptcy case, an individual, known as the "debtor," was required to file a bankruptcy petition with the United States Bankruptcy Court.  The filing of a bankruptcy petition automatically stayed collection activity by creditors against the debtor.

g.     In addition to the bankruptcy petition, a debtor was required to file certain documents with the United States Bankruptcy Court that detailed the debtor's financial condition, including Schedules, a Statement of Financial Affairs, and a Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.

h.     With respect to the Schedules, the debtor was required to disclose his current financial circumstances and sign a statement under penalty of perjury that the Schedules were true and correct before filing them with the United States Bankruptcy Court.   The information the debtor was required to provide in the Schedules included the following:

i.     Schedule A/B required the debtor to disclose whether he owned or had any legal or equitable interest in deposits of money and financial accounts.

ii.     Schedule E/F required the debtor to disclose unsecured creditors.

iii.     Schedule H required the debtor to identify their codebtors.

iv.     Schedule I required the debtor to disclose both the debtor's employment, occupation, employer, and monthly income, and, if the debtor was married and not filing jointly and the debtor's spouse was residing with the debtor, the debtor's non-filing spouse's employment, occupation, employer, and monthly income, and to calculate the combined monthly income of the debtor and the debtor's

non-filing spouse.

v.    Schedule J required the debtor to disclose monthly expenses and to calculate monthly net income based on the combined monthly income disclosed in Schedule I.

i.    During the course of a Chapter 13 bankruptcy case, a debtor was required to appear at a meeting of creditors (also known as a "341 creditors' meeting") and to testify under oath concerning his financial affairs.

j.    A Chapter 13 debtor was required to propose a plan of reorganization under which the debtor's creditors would be repaid all or a portion of the debt owed to them over time through payments from the debtor. A debtor who completed a plan of reorganization received a discharge of debts.

k.    The amount of monthly income, net income and expenses of the debtor and the debtor's non-filing spouse who was residing with the debtor was material to the confirmation of the debtor's Chapter 13 plan of reorganization, the amount that creditors would receive under the plan of reorganization, and amount of the debtor's monthly payments under the plan.

l.    The United States Trustee was responsible for ensuring the integrity of the bankruptcy system, and for promoting compliance with the bankruptcy laws and rules applicable to bankruptcy proceedings. To this end, the United States Trustee appointed and oversaw the activities of a trustee (the "Chapter

13 Trustee"), who was responsible for administering individual Chapter 13 bankruptcy cases for the benefit of the debtor's creditors.

   m. The information provided in the Schedules and Statement of Financial Affairs and at the 341 creditors' meeting was material to a determination by the Chapter 13 Trustee and creditors whether they should oppose the debtor's proposed plan of reorganization, object to the discharge of certain debts, or move to dismiss the bankruptcy case as improperly filed.

   2. Beginning in or around August 2019, and continuing until in or around June 2020, at Chicago and Matteson, in the Northern District of Illinois, Eastern Division, and elsewhere,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, devised and intended to devise a scheme to defraud, and for the purpose of executing and concealing the scheme and attempting to do so, filed and caused to be filed a petition commencing a bankruptcy case under Title 11 of the United States Code, filed documents in a bankruptcy case under Title 11 of the United States Code, and made materially false and fraudulent representations concerning and in relation to a proceeding under Title 11 at a time before and after the filing of the petition.

   3. It was part of the scheme that, for purposes of fraudulently obtaining a stay of the State Case in order to prevent the enforcement of the Settlement Agreement, fraudulently obtaining confirmation of his Chapter 13 plan of

5

reorganization, and fraudulently obtaining a discharge of his debts, LACEY attempted to and did defraud his creditors and the Chapter 13 Trustee by making false and fraudulent statements in oral statements and documents (a) made prior to and in anticipation of the filing of a Chapter 13 bankruptcy petition; and (b) filed with the bankruptcy court and at the 341 creditors' meetings, that were designed and intended to: (i) falsely represent LACEY's actual financial circumstances, including by concealing the income of LACEY's non-filing spouse who was then residing with LACEY and contributing to the payment of LACEY's expenses, including living and mortgage expenses; (ii) conceal bank accounts and the true amount on deposit in these accounts, including BOA Account #5121 from which LACEY and his non-filing spouse were paying their expenses with their combined income, and the Chase Accounts; and (iii) conceal that defendant's monthly payments under his proposed Chapter 13 plan of reorganization were calculated based on materially false information.

4.      It was further part of the scheme that, shortly after the court set a status for the State Case on August 2, 2019, but no later than on or before August 7, 2019, LACEY met with bankruptcy attorneys for purposes of providing information to be used to prepare a Chapter 13 bankruptcy petition and associated Schedules and Statement of Financial Affairs, and falsely represented among other things, that (i) he was married, but separated, (ii) that his spouse no longer resided with him and did not contribute to the payment of LACEY's household expenses; and (iii) that he

had only two BOA Accounts, when in truth, he had three BOA Accounts, including BOA Account #5121, as well as the Chase Accounts.

5. It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, thereby initiating a Chapter 13 bankruptcy case captioned *In re Lewis A. Lacey*, No. 19-23751 (the "2019 *Lacey* Bankruptcy Case"), which automatically stayed the State Case, thereby preventing the enforcement of the Settlement Agreement.

6. It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed in the 2019 *Lacey* Bankruptcy Case his Schedules and a Statement of Financial Affairs, signed under penalty of perjury, that contained materially false statements and material omissions.

7. It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed a Schedule A/B in the 2019 *Lacey* Bankruptcy Case that was false and fraudulent in that, in response to question 17, Deposits of Money, which required LACEY to identify financial accounts, LACEY falsely represented the amount he had on deposit and that he only had two BOA checking accounts, when, in truth, LACEY knew that he had an additional BOA Account with substantially more on deposit than he had disclosed, and the Chase Accounts.

8. It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed a Schedule E/F in the 2019 *Lacey* Bankruptcy

Case disclosing total unsecured debts of approximately $171,327, which LACEY sought to have discharged, including approximately $43,000 owed to the plaintiff as part of the Settlement Agreement in the State Case.

9.     It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed a Schedule I in the 2019 *Lacey* Bankruptcy Case that was false and fraudulent in that LACEY, well knowing that he was married, not separated and that his non-filing spouse was residing with him, earning income and contributing to the payment of LACEY's expenses, did not disclose his non-filing spouse's employment, occupation, employer, and monthly income, and falsely represented that his combined monthly income was approximately $4,995, when he knew that his monthly income was substantially in excess of $4,995, in that LACEY knew that he had calculated his monthly income without including his non-filing spouse's income.

10.    It was further part of the scheme that, on or about August 22, 2019, LACEY filed and caused to be filed a Schedule J in the 2019 *Lacey* Bankruptcy Case that was false and fraudulent in that LACEY falsely represented that his net monthly income was $617, when LACEY then knew that his net monthly income was substantially in excess of $617.

11.    It was further part of the scheme that, on or about September 17, 2019, while testifying under oath at a 341 creditors' meeting in the 2019 *Lacey* Bankruptcy Case, LACEY falsely represented that he was separated from his spouse, that his

spouse did not reside with him, that his spouse did not contribute to any of the household expenses, and that his spouse was not complying with her joint obligation to make mortgage payments.

12.     It was further part of the scheme that after the 2019 *Lacey* Bankruptcy Case had been dismissed on or about January 13, 2020, and the State Case resumed on or about February 13, 2020, because it was no longer stayed, but no later than on or about February 19, 2020, LACEY met with bankruptcy attorneys for purposes of providing information to be used to prepare another Chapter 13 bankruptcy petition and associated Schedules and Statement of Financial Affairs, and falsely represented among other things, that he was married, but separated, and that his spouse no longer resided with him and did not contribute to the payment of LACEY's household expenses, and did not disclose the true amount on deposit in bank accounts, or the true number of bank accounts he was a signatory on, at BOA and Chase.

13.     It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois, thereby initiating a Chapter 13 bankruptcy case captioned *In re Lewis Anthony Lacey, Sr.* No. 20-08784 (the "2020 *Lacey* Bankruptcy Case"), which automatically stayed the State Case, thereby preventing the enforcement of the Settlement Agreement.

14.     It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed in the 2020 *Lacey* Bankruptcy Case his Schedules and a

Statement of Financial Affairs, signed under penalty of perjury, that contained materially false statements and material omissions.

15. It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a Schedule A/B in the 2020 *Lacey* Bankruptcy Case that was false and fraudulent in that, in response to question 17, Deposits of Money, which required LACEY to identify financial accounts, LACEY falsely represented the amount he had on deposit and that he only had a checking and a savings account at BOA, when, in truth, LACEY knew that he did not disclose the true amount of funds on deposit, or the true number of bank accounts he was a signatory on, at BOA and Chase.

16. It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a Schedule E/F in the 2020 *Lacey* Bankruptcy Case disclosing total unsecured debts of approximately $186,354, which LACEY sought to have discharged, including the approximately $43,000 owed to the plaintiff as part of the Settlement Agreement in the State Case.

17. It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a Schedule H in the 2020 *Lacey* Bankruptcy Case in which LACEY falsely represented that the address of his spouse was on South Halsted Street in Chicago for purposes of supporting his false representation that they were separated and that she no longer resided at the White Oaks Residence.

10

18.     It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a Schedule I in the 2020 *Lacey* Bankruptcy Case that was false and fraudulent in that LACEY, well knowing that he was married, not separated and that his non-filing spouse was residing with him, earning income and contributing to the payment of LACEY's expenses, did not disclose his non-filing spouse's employment, occupation, employer, and monthly income, and falsely represented that his combined monthly income was approximately $5,473, when he knew that his monthly was substantially in excess of $5,473, in that LACEY knew that he had calculated his monthly income without including his non-filing spouse's income.

19.     It was further part of the scheme that, on or about April 3, 2020, LACEY filed and caused to be filed a Schedule J in the 2020 *Lacey* Bankruptcy Case that was false and fraudulent in that defendant falsely represented that his net monthly income was $603, when LACEY then knew that his net monthly income was substantially in excess of $603.

20.     It was further part of the scheme that, on or about June 12, 2020, while testifying under oath at a 341 creditors' meeting in the 2020 *Lacey* Bankruptcy Case, LACEY falsely represented that he was separated from his spouse and that his spouse did not reside with him.

11

21.    It was further part of the scheme that LACEY did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden, acts done in furtherance of the scheme and the purposes of those acts.

22.    On or about August 22, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, filed and caused to be filed a petition under Title 11 of the United States Code initiating a Chapter 13 bankruptcy case, *In re Lewis A. Lacey*, No. 19-23751, in the United States Bankruptcy Court for the Northern District of Illinois;

In violation of Title 18, United States Code, Section 157(1).

## COUNT TWO

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One are re-alleged here.

2.     On or about August 22, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, filed and caused to be filed a document, namely Schedules and a Statement of Financial Affairs in a proceeding under Title 11, namely, a Chapter 13 bankruptcy case, *In re Lewis A. Lacey*, No. 19-23751;

In violation of Title 18, United States Code, Section 157(2).

## COUNT THREE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One are re-alleged here.

2.     On or about February 19, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, made a materially false and fraudulent representation concerning and in relation to a proceeding under Title 11, namely, a Chapter 13 bankruptcy case, *In re Lewis Anthony Lacey, Sr.*, No. 20-08784, at a time before the filing of the petition, in that defendant falsely and fraudulently represented to his attorneys for purposes of preparation of Chapter 13 bankruptcy filings:

a.     that he was married, but separated;

b.     that his spouse no longer resided with him and did not contribute to the payment of LACEY's household expenses;

c.     the true amount of funds on deposit at BOA; and

d.     the true number of bank accounts he was a signatory on at BOA and Chase;

In violation of Title 18, United States Code, Section 157(3).

14

## <u>COUNT FOUR</u>

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.      Paragraphs 1 through 21 of Count One are re-alleged here.

2.       On or about April 3, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, filed and caused to be filed a petition under Title 11 of the United States Code initiating a Chapter 13 bankruptcy case, *In re Lewis Anthony Lacey, Sr.*, No. 20-08784, in the United States Bankruptcy Court for the Northern District of Illinois;

In violation of Title 18, United States Code, Section 157(1).

## COUNT FIVE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     Paragraphs 1 through 21 of Count One are re-alleged here.

2.     On or about April 4, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, for the purpose of executing and concealing the above-described scheme and attempting to do so, filed and caused to be filed a document, namely Schedules and a Statement of Financial Affairs in a proceeding under Title 11, namely, a Chapter 13 bankruptcy case, *In re Lewis Anthony Lacey, Sr.*, No. 20-08784;

In violation of Title 18, United States Code, Section 157(2).

16

## COUNT SIX

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.    Paragraphs 1(a), 1(b) and 1(e) through 1(m) of Count One are re-alleged here.

2.    On or about August 22, 2019, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, knowingly and fraudulently made and caused to be made a materially false statement under penalty of perjury in relation to a case under Title 11, namely, a Chapter 13 bankruptcy case, *In re Lewis A. Lacey*, No. 19-23751, in that:

a. in response to question 17 of Schedule A/B, LACEY falsely represented the amount he had on deposit, in that LACEY knew the funds in BOA Account #5121 substantially exceeded the amount he reported;

b. in response to question 17 of Schedule A/B, LACEY falsely represented that he only had two checking accounts at BOA, when LACEY knew that he had three financial accounts at BOA, including BOA Account #5121 with his spouse, as well as the Chase Accounts;

c. in part 1 of Schedule I, LACEY falsely represented that his combined monthly income was approximately $4,995, when LACEY knew that his combined monthly income was substantially in excess of $4,995, in that LACEY knew that he had caused his monthly income to be calculated without including his non-filing spouse's income; and

17

      d.  in part 2 of Schedule J, LACEY falsely represented that his net monthly income was $617, when LACEY knew that his net monthly income was substantially in excess of $617.

In violation of Title 18, United States Code, Section 152(3).

## COUNT SEVEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.    Paragraphs 1(a), 1(b), and 1(e) through 1(m) of Count One are re-alleged here.

2.    On or about April 4, 2020, at Chicago, in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, knowingly and fraudulently made and caused to be made a materially false statement under penalty of perjury in relation to a case under Title 11, namely, a Chapter 13 bankruptcy case, *In re Lewis Anthony Lacey, Sr.,* No. 20-08784, in that:

a.    in response to question 17 of Schedule A/B, LACEY falsely represented the amount he had on deposit, in that LACEY knew the funds in BOA Account #5121 substantially exceeded the amount he reported;

b.    in response to question 17 of Schedule A/B, LACEY falsely represented that he only had one checking account and one savings account at BOA, when LACEY knew that he had three financial accounts at BOA, including BOA Account #5121 with his spouse, as well as the Chase Accounts;

c.    in Schedule H, LACEY falsely represented that the address of his spouse was on South Halsted St. in Chicago, when LACEY knew that his spouse then lived with him at the White Oaks Residence;

d.    in part 1 of Schedule I, LACEY falsely represented that his combined monthly income was approximately $5,473, when LACEY knew that his combined monthly income was substantially in excess of $5,473, in that LACEY knew that he had caused his monthly income to be calculated without including his non-filing spouse's income; and

19

e.  in part 2 of Schedule J, LACEY falsely represented that his net monthly income was $603, when LACEY knew that his net monthly income was substantially in excess of $603.

In violation of Title 18, United States Code, Section 152(3).

## **COUNT EIGHT**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     Paragraphs 1(a), 1(b), and 1(e) through 1(m) of Count One are re-alleged here.

2.     On or about September 17, 2019, at Chicago in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, was placed under oath prior to testifying at a 341 creditors' meeting conducted by a representative of the Chapter 13 Trustee in the Chapter 13 bankruptcy case, *In re Lewis A. Lacey*, No. 19-23751, a proceeding before and ancillary to a court of the United States, was advised that his testimony was subject to the penalties of perjury, and knowingly made a false material declaration during his testimony by responding to questions as follows:

[1]     Q:     And what's your current marital status?

        A:     *Separated.*

        Q:     And how long have you been separated?

        A:     *Over three months.*

        Q:     How many people live in the household?

        A:     It was just me and her. *Right now it is just me.*

WHEREAS, in truth and fact, LACEY knew that he was not separated from his spouse and that they resided together at the White Oaks Residence.

21

[2]  Q:     And do you have a co-owner on your residence?

    A:     Yes.

* * * *

    Q:     And does the co-owner contribute to any of the household expenses?

    A:     *No.*

WHEREAS, in truth and fact, LACEY knew that the co-owner, his spouse, contributed to the household expenses.

[3]  Q:     . . . with respect to the mortgage payments Mr. Lacey, is your wife also obligated to make that payment, is it a joint obligation?

    A:     *She is. But she is not. I am.*

WHEREAS, in truth and fact, LACEY knew that the mortgage payments on the White Oaks Residence were made from BOA Account #5121 that was funded by both the defendant's and his spouse's income;

In violation of Title 18, United States Code, 1623(a).

## COUNT NINE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1.     Paragraphs 1(a) and 1(e) through 1(m) of Count One are re-alleged here.

2.     On or about June 12, 2020, at Chicago and elsewhere in the Northern District of Illinois, Eastern Division,

LEWIS A. LACEY,
also known as "Lewis Anthony Lacey, Sr.,"

defendant herein, was placed under oath prior to testifying at a 341 creditors' meeting conducted by a representative of the Chapter 13 Trustee in the Chapter 13 bankruptcy case, *In re Lewis Anthony Lacey, Sr.*, No. 20-08784, a proceeding before and ancillary to a court of the United States, was advised that his testimony was subject to the penalties of perjury, and knowingly made a false material declaration during his testimony by responding to questions as follows:

Q:     What is your current marital status?

A:     *I'm separated*.

Q:     Uh, do you and your estranged spouse live under the same household?

A:     *No*.

Q:     How many people do you currently live with?

A:     *Myself*.

23

WHEREAS, in truth and fact, LACEY knew that he was not separated from his spouse and that they lived together at the White Oaks Residence;

In violation of Title 18, United States Code, 1623(a).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Amarjeet S. Bhachu
on behalf of the
ACTING UNITED STATES ATTORNEY